## `UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **KIMBERLY S. CLOPTON,** )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>**KILOLO KIJAKAZI,** )<br>**Acting Commissioner of the** )<br>**Social Security Administration,** )<br>)<br>Defendant. ) | Case No. CIV-21-471-P |

## ORDER

Plaintiff seeks judicial review pursuant to 42 U.S.C. § 405(g) of the final decision of Defendant Commissioner denying her application for supplemental security income ("SSI") under Title XVI of the Social Security Act, 42 U.S.C. Section 1382. Defendant has answered the Complaint and filed the administrative record (hereinafter AR___), and the parties have briefed the issues. For the following reasons, Defendant's decision is affirmed.

I.    Administrative History and Agency Decision

Plaintiff filed her application for SSI on April 22, 2019, alleging a disability onset date of January 1, 2012. The claim was denied initially and on reconsideration. Plaintiff and a vocational expert ("VE") appeared and testified at a telephonic hearing before an Administrative Law Judge ("ALJ") on September 14, 2020. AR 85-109. The ALJ issued an unfavorable decision on September 25, 2020.

AR 10-20. After the Social Security Appeals Council denied Plaintiff's request for review, AR 1-5, Plaintiff filed this appeal.

The Social Security Administration has devised a five-step sequential evaluation process to determine disability. *Barnhart v. Thomas*, 540 U.S. 20, 24-25 (2003) (citing 20 C.F.R. § 416.920). The claimant bears the burden of proof at steps one through four. *Bowen v. Yuckert*, 482 U.S. 137, 146 & n.5 (1987); *Grogan v. Barnhart*, 399 F.3d 1257, 1261 (10th Cir. 2005); *Williams v. Bowen*, 844 F.2d 748, 750-51, 751 n.2 (10th Cir. 1988). In the first four steps, the claimant must show (1) that she "is [not] presently engaged in substantial gainful activity," (2) that "[she] has a medically severe impairment or combination of impairments," and either (3) that the impairment is equivalent to a listed impairment or (4) that "the impairment [or combination of impairments] prevents [her] from performing work [s]he has performed in the past." *Williams*, 844 F.2d at 750-51 (quotations omitted).

If the claimant has met her burden of proof through the first four steps, the burden of proof then shifts to the Commissioner to show that the claimant nonetheless retains sufficient functional capacity "to perform other work in the national economy in view of [her] age, education, and work experience." *Yuckert*, 482 U.S. at 142.

In this case, the ALJ followed the agency's five-step evaluation process to determine whether Plaintiff was disabled within the meaning of the Social Security

Act ("Act"). At step one, the ALJ determined Plaintiff had not engaged in substantial gainful activity since the date she applied for SSI. AR 22. At step two, the ALJ found Plaintiff had the following severe, medically determinable impairments: scoliosis and history of asthma. AR 22.

At the third step of the sequential evaluation process, the ALJ determined that neither of Plaintiff's severe impairments, alone or in combination, met or medically equaled one of the presumptively disabling impairments listed at 20 C.F.R. Part 404, Subpart P, Appendix 1. AR 22. At step four, the ALJ assessed Plaintiff's residual functional capacity ("RFC"):

> After careful consideration of the entire record, I find that the claimant has the [RFC] to lift and/or carry 5-10 pounds, sit 6 hours out of an 8-hour workday with normal breaks, stand and/or walk 2 hours out of an 8-hour workday with normal breaks, push and/or pull 5-10 pounds, and should not climb ladders, ropes, or scaffolds, avoid hazards such as unprotected heights and moving machinery, avoid concentrated exposure to dust, fumes, odors, gases and poor ventilation. While there is no medically determinable mental impairment, nor mental impairment alleged, the claimant is limited to simple routine tasks based on no past work history and consultative psychological exam by Dr. Lange[.]

AR 22.

At the fifth step of the sequential evaluation, the ALJ considered Plaintiff's age, her education, her RFC, and the testimony of the VE before concluding there are jobs existing in significant numbers in the national economy that Plaintiff can perform. AR 30-31. The ALJ identified three such jobs: document preparer,

semiconductor bonder, and touch-up screener. The ALJ determined the testimony of the VE was consistent with the information listed for these jobs in the *Dictionary of Occupational Titles* ("DOT"). AR 20. Accordingly, the ALJ determined Plaintiff was not disabled.

Because the Appeals Council denied Plaintiff's request for review, the ALJ's decision is the final decision of the Commissioner. 20 C.F.R. § 404.981; *Wall v. Astrue*, 561 F.3d 1048, 1051 (10th Cir. 2009).

II.   Standard of Review

The Act authorizes payment of benefits to an individual with disabilities. 42 U.S.C. § 401, *et seq*. A disability is an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death[,] or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); *see* 20 C.F.R. § 404.1509 (duration requirement). Both the "impairment" and the "inability" must be expected to last not less than twelve months. *Barnhart v. Walton*, 535 U.S. 212 (2002).

The Court must determine whether Defendant's decision is supported by substantial evidence in the record and whether the correct legal standards were applied. *Wilson v. Astrue*, 602 F.3d 1136, 1140 (10th Cir. 2010); *Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003). "[W]hatever the meaning of 'substantial' in

other contexts, the threshold for such evidentiary sufficiency is not high." *Biestek v. Berryhill*, ___ U.S.___, 139 S. Ct. 1148, 1154 (2019). Substantial evidence "means—and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quotations omitted).

The "determination of whether the ALJ's ruling is supported by substantial evidence must be based upon the record taken as a whole. Consequently, [the Court must] remain mindful that evidence is not substantial if it is overwhelmed by other evidence in the record." *Wall*, 561 F.3d at 1052 (citation, quotations, and alteration omitted). The Court must also be mindful that reviewing courts may not create post-hoc rationalizations to explain Defendant's treatment of evidence when that treatment is not apparent from the decision itself. *Grogan*, 399 F.3d at 1263 (10th Cir. 2005) (citing, *e.g., Allen v. Barnhart*, 357 F.3d 1140, 1145 (10th Cir. 2004); *SEC v. Chenery Corp.*, 318 U.S. 80, 87 (1943)).

III. Issues

Plaintiff contends the ALJ erred at step two in failing to consider all of Plaintiff's impairments. Additionally, Plaintiff contends the ALJ erred at step-five by relying on a job that required a reasoning level beyond Plaintiff's ability. According to Plaintiff, the remaining two jobs identified by the ALJ did not exist in significant numbers in the national economy—demanding a finding of disability.

IV.  Analysis

   A.  Step Two

At step two of the sequential evaluation, the issue is whether the claimant suffers from at least one "severe" medically determinable impairment. *Dray v. Astrue*, 353 F. App'x 147, 149 (10th Cir. 2009). "[S]tep two is designed 'to weed out at an early stage of the administrative process those individuals who cannot possibly meet the statutory definition of disability.'" *Id.* (quoting *Bowen*, 482 U.S. at 156 (O'Connor, J., concurring)). In circumstances where an ALJ deems at least one impairment severe, and proceeds to the remaining steps of the evaluation, any error at step two in failing to deem a certain impairment severe is considered harmless. *See Carpenter v. Astrue*, 537 F.3d 1264, 1266 (10th Cir. 2008) (stating that "any error [at step two] became harmless when the ALJ reached the proper conclusion that [the plaintiff] could not be denied benefits conclusively at step two and proceeded to the next step of the evaluation sequence."). Here, the ALJ found two severe impairments and proceeded through all five steps of the sequential evaluation. What is more, the ALJ thoroughly discussed the medical evidence including evidence of Plaintiff's foot pain, abdominal distress, and obesity. AR 23-25. Plaintiff sustained her burden of proof at step-two by demonstrating the existence of medically determinable severe impairments, and the ALJ did not err in failing to identify other impairments as "severe."

B. <u>Step Five</u>

According to Plaintiff, the ALJ's step-five decision is not supported by substantial evidence because one of the jobs identified by the VE and adopted by the ALJ required mental skills beyond her ability to perform only "simple, routine tasks." AR 22. Plaintiff contends the numbers of the remaining two jobs identified by the ALJ are too low to be a "significant number" of jobs existing in the national economy.

In this case, Plaintiff did not allege a mental impairment, nor did Stephen M. Lange, Ph.D., the consultative psychological examiner, make a mental health diagnosis. AR 342. He did, however, assess her intellectual status, without testing, based solely on her poorly developed syntax and semantics. Although he estimated her intellectual functioning to be in the low average range, he stated his opinion that Plaintiff was competent to manage funds and do what is essentially unskilled work. Dr. Lange explained:

> From a mental status standpoint, this individual's ability to understand, remember and carry out simple instructions in a work-related environment would be rated as good. Her capacity to understand and implement complex instructions is likely moderately impaired due to her estimated low average intellectual functioning. She is capable of coping with workplace stressors and she has worked in food service which is a demanding and stressful environment. She can maintain appropriate relationships.

AR 342.

Plaintiff contends the "document preparer" job requires more than performing "simple routine tasks." She relies on one of the General Educational Development requirements for the position as specified in the DOT. Specifically, the position has a "Reasoning Level 3," which Plaintiff contends requires a person to be able to do more than "simple routine tasks." The DOT defines "Reasoning Level 3" as the ability to "[a]pply commonsense understanding to carry out instructions furnished in written, oral, or diagrammatic form. Deal with problems involving several concrete variables in or from standardized situations." *See* DOT #249.587-018 (rating the reasoning level required to perform the job of Document Preparer as Reasoning Level 3).

The regulations rely on the specific vocational preparation ("SVP") of a particular job—not reasoning level required—to determine whether a job is skilled or unskilled. SVP refers to the "time required by a typical worker to learn the techniques, acquire the information, and develop the facility needed for average performance in a specific job-worker situation." DOT, Appendix C, Sec. II (4th ed., revised 1991), 1991 WL 688702 (G.P.O.). The SVP of the jobs the VE identified is instructive in the present case.

All the jobs identified by the VE have an SVP of 2. Preparation for a job with an SVP of 2 requires "[a]nything beyond a short demonstration up to and including 1 month." DOT, Appendix C, Sec. II (4th ed., revised 1991), 1991 WL 688702

(G.P.O.). The regulations state that "unskilled work corresponds to an SVP of 1–2." SSR 00–4p, 2000 WL 1898704, at *3. The jobs the ALJ relied on, therefore, are all unskilled. The Agency defines "unskilled work" as "work which needs little or no judgment to do simple duties that can be learned on the job in a short period of time . . . . A person can usually learn to do the job in 30 days, and little specific vocational preparation and judgment are needed." 20 C.F.R. § 416.968. Unskilled work generally requires only the following: (1) "[u]nderstanding, remembering, and carrying out *simple instructions*"; (2) "[m]aking judgments that are commensurate with the functions of unskilled work—*i.e.,* simple work-related decisions"; (3) "[r]esponding appropriately to supervision, co-workers and usual work situations"; and (4) "[d]ealing with changes in a routine work setting." SSR 96–9p, 1996 WL 374185, at *9 (July 2, 1996) (emphasis added).

Thus, Plaintiff's argument is flawed. The consultative examiner found Plaintiff's ability to perform the essential requirements of unskilled work to be "good." What is more, Dr. Lange found Plaintiff's ability to understand and carry out complex instructions to be only moderately impaired. In sum, the ALJ's decision is supported by substantial evidence in the record and the ALJ followed the correct legal standards. Therefore, the decision is affirmed.

Conclusion

Based on the foregoing analysis, the decision of Defendant is affirmed. Judgment will issue accordingly.

ENTERED this  5th  day of April, 2022.

GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE